NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3095

JULIUS E. MOGYOROSSY,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: September 8, 2006

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

## DECISION

Julius E. Mogyorossy ("Mogyorossy") appeals from the final decision of the Merit Systems Protection Board (the "Board") holding that his removal by the Department of the Air Force (the "agency") was not a retaliatory personnel action prohibited under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). Mogyorossy v. Dep't of the Air Force, SF-1221-03-0102-B-2 (M.S.P.B. Oct. 5, 2005). We affirm.

BACKGROUND

Mogyorossy began probationary employment as a security guard at the Onizuka Air Force Station in Sunnyvale, California on June 18, 2001. The Department of the Air Force terminated him, effective February 8, 2002, before the completion of his probationary period, for having a poor attitude in dealing with co-workers, for sleeping on duty, and for making inappropriate comments about a female co-worker. Mogyorossy filed an appeal of that action to the Board, as well as a motion to stay his termination. Mogyorossy v. Dep't of the Air Force, SF-315H-02-0319-I-1 (M.S.P.B. July 3, 2002). That appeal was dismissed for lack of jurisdiction due to the limited appeal rights of probationers and because Mogyorossy had not exhausted his remedies before the Office of Special Counsel ("OSC") with regard to his allegations that the agency retaliated against him for whistleblowing. The Board also dismissed Mogyorossy's stay request. Mogyorossy v. Dep't of the Air Force, SF-315H-02-0319-I-1 (M.S.P.B. April 1, 2002).

Mogyorossy then filed a complaint at the OSC, alleging that he was terminated because of disclosures that were protected under the WPA. The OSC failed to act within 120 days, entitling Mogyorossy to appeal to the Board. 5 U.S.C. § 1214(a)(3). Having exhausted the required proceedings before the OSC as to the allegedly retaliatory action, Mogyorossy filed a timely individual right of action appeal to the Board. The Administrative Judge ("AJ") dismissed Mogyorossy's appeal for lack of jurisdiction, and Mogyorossy sought review by the full Board. Mogyorossy v. Dep't of the Air Force, SF-1221-03-0102-B-2 (M.S.P.B. Feb. 6, 2003).

On August 19, 2004, the Board granted his petition, reversing the AJ's Initial Decision and remanding the appeal for further adjudication. Id., slip op. at 13. Specifically, the Board found that the following, if proven, would constitute protected disclosures: (1) Mogyorossy's alleged disclosure to his immediate supervisor, Captain Alvin McCormick, that the agency failed to pay Security Guards overtime up to ½ hour each day for 2 weeks following September 11, 2001, which the appellant valued at approximately $50; (2) his alleged disclosure to McCormick that he would have filed a grievance at the Inspector General's ("IG") Office because he and other employees were not being given rest breaks to which they were legally entitled for a period of several months; and (3) a complaint that he allegedly lodged on January 23, 2003 with Major Talarico of the IG Office concerning the same issues. Id., slip op. at 4-5, 9-10.

The Board noted that termination during a probationary period and placement on administrative leave are personnel actions upon which an individual right of action appeal may be based, and that Mogyorossy had made non-frivolous allegations that protected disclosures contributed to those personnel actions later taken against him. Id., slip op. at 10-11. However, the Board also noted that in an initial right of action appeal, the Board does not review the actual merits of the personnel action, viz., termination, but rather, it reviews the merits of the appellant's claim that he was retaliated against for whistleblowing. Id., slip op. at 13.

On remand, the AJ dismissed the appeal, presumably for lack of prosecution, without prejudice, because neither the Board nor the agency were able to locate Mogyorossy. Mogyorossy v. Dep't of the Air Force, SF-1221-03-0102-B-2, slip op. at 2 (M.S.P.B. Mar. 24, 2005). That second initial decision became final on November 19,

2004, when neither party filed a petition for review. Id. Thereafter, the AJ received contact from Mogyorossy indicating that he wished to proceed with his appeal; the AJ determined that the contact was timely and reopened the appeal. Id. On March 24, 2005, the AJ denied Mogyorossy's request for corrective action, concluding that Mogyorossy did not show by a preponderance of the evidence that he made any protected disclosures, and holding that the agency had established by clear and convincing evidence that it would have placed Mogyorossy on administrative leave and later terminated him regardless of any proven, protected disclosures. Id., slip op. at 8, 10, 13.

Mogyorossy sought review by the full Board, the Board denied his petition, and the AJ's decision accordingly became the final decision of the Board. See 5 C.F.R. § 1201.113(b) (2006). Mogyorossy timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Mogyorossy argues that the government committed "the crime of intentionally denying [him] 'justice,'" and seeks one billion dollars in redress. The government responds that the Board's decision was neither arbitrary nor capricious, that

it was in accordance with law, and that it was supported by substantial evidence.

We agree with the government that the Board's decision was supported by substantial evidence and in accordance with law. To establish a prima facie case of retaliation for whistleblowing activity, an employee must show both that he engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the protected disclosure was a contributing factor in a personnel action. See 5 U.S.C. §§ 1221(e)(1), 2302(b)(8). If a plaintiff establishes a prima facie case of retaliation for whistleblowing, corrective action must be ordered unless "the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." 5 U.S.C. § 1221(e)(2); Carr v. Social Sec. Admin., 185 F.3d 1318, 1322 (Fed. Cir. 1999).

Here, there is no dispute that Mogyorossy failed to show by preponderant evidence that his alleged disclosures took place, or that his disclosures were a contributing factor in either of the personnel actions at issue. The only evidence he presented were written assertions that were not under oath. The Board found those assertions to be not credible in light of other evidence, including sworn testimony and documents. Further, Mogyorossy does not challenge the Board's determination that the agency would have placed him on administrative leave and terminated him from his probationary employment, regardless of any alleged protected disclosure. The reasons for his termination speak for themselves. We therefore affirm the Board's decision.